**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Sylvanus Selby and Alicia Selby | |
| v. | DOCKET NO:  2:26-cv-04952 |
| USAA General Indemnity Company | |

## NOTICE OF REMOVAL OF DEFENDANT, USAA GENERAL INDEMNITY COMPANY

TO:    United States District Court for the Eastern District of Pennsylvania

The Defendant, USAA General Indemnity Company, by and through their attorney, Jonathan R. Auth, hereby file this Notice of Removal pursuant to 28 U.S.C.§ 1446(b), and in support thereof, aver as follows:

1.    On or about, June 16, 2026, Plaintiffs, Sylvanus Selby and Alicia Selby, filed a Complaint in the Philadelphia County Court of Common Pleas for an action captioned *Sylvanus Selby and Alicia Selby v. USAA General Indemnity Company*, No. 260602206.  A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A" and, without admitting the truth of the allegations contained therein, Defendant, USAA General Indemnity Company, incorporate by reference the Complaint as if set forth at length.

2.    An Affidavit of Service has not yet been recorded on the docket by the Plaintiffs. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446 (b) because it has been filed within thirty (30) days of service as it has not yet been 30 days since the Complaint was initially filed.

3.    As of this date, no responsive pleading has been filed in this action.

4.    This is a civil suit and involves controversy between citizens of different states.

5.    Plaintiffs, according to the Complaint, reside in Philadelphia, Pennsylvania. *See* Exhibit "A."

6.    Contrary to the averments in Plaintiffs' Complaint, Defendant, USAA General Indemnity Company, is a stock insurance company organized under the laws of Texas with its principle place of business in Texas.

7.    Plaintiffs' Complaint seeks damages allegedly arising out of a motor vehicle accident that occurred on April 6, 2025, in Philadelphia, Pennsylvania. *See* Exhibit "A."

8.    Plaintiffs claim that the actions of a Tortfeasor have caused injuries, and the Defendant is the provider of UIM coverage. *See* Exhibit "A."

9.    According to Plaintiff's Complaint, the amount is controversy is "in excess of Seventy-Five Thousand ($75,000.00) Dollars…" *See* Exhibit "A."

10.    The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the action arises between citizens of different states and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

11.    Promptly after filing this Notice of Removal in this Honorable Court, a copy of this Notice of Removal will be filed with the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, in accordance with 28 U.S.C. § 1446(d).

12.    Copies of all process, pleadings and orders served upon defendants as of this removal are attached hereto in accordance with 28 U.S.C. § 1446(a).

13.    Defendant has contemporaneously with the filing of this Notice of Removal given written notice to Plaintiffs' counsel.

WHEREFORE, based upon the foregoing, Defendant, USAA General Indemnity

Company, respectfully request that this action, currently docketed in the Court of Common Pleas of Philadelphia County be removed to the United States District Court for the Eastern District of Pennsylvania.

**LAW OFFICES OF FRANCIS D. MACKIN**

Dated:  July 16, 2026                          By:_____

**Jonathan R. Auth**
Attorney for Defendant,
USAA General Indemnity Company
525 Route 73 North, Suite 216
Marlton, NJ 08053
(856) 988-7444
Jonathan.Auth@usaa.com

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

Sharla Madeira

v.                                                          DOCKET NO: 2:26-cv-04952

Garrison Property and Casualty Insurance
Company

**CERTIFICATE OF SERVICE**

I, Jonathan R. Auth, Esquire, do hereby certify that a true and correct copy of

Defendant's Notice of Removal was served upon counsel below named by email on the date set

forth below:

**LAW OFFICES OF FRANCIS D. MACKIN**

Dated:  July 16, 2026                    By:_____

**Jonathan R. Auth, Esquire**
Attorney for Defendant,
Garrison Property and Casualty Insurance
Company
525 Route 73 North, Suite 216
Marlton, NJ 08053
(856) 988-7444
Jonathan.Auth@usaa.com

# EXHIBIT A

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

Filed and Attested by the
Office of Judicial Records
16 JUN 2026 02:27 pm
G. IMPERATO

**SIMON & SIMON, P.C.**
BY: Adam Sorce, Esquire
Attorney ID: 88711
***Attorneys for Plaintiffs***
18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(215) 467-4666

| | | |
|---|---|---|
| Sylvanus Selby | : | IN THE COURT OF COMMON PLEAS |
| 3159 Magee Avenue | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19149 | : | |
| And | : | |
| Alicia Selby | : | |
| 3159 Magee Avenue | : | |
| Philadelphia, PA 19149 | : | |
| Plaintiffs | : | |
| vs. | : | |
| | : | No.: |
| USAA General Indemnity Company | : | |
| 9800 Fredericksburg | : | |
| San Antonio, TX 78288 | : | |
| Defendant | : | JURY TRIAL DEMANDED |

Case ID: 260602206

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by Plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**PHILADELPHIA BAR ASSOCIATION**
**LAWYER REFERRAL AND**
**INFORMATION SERVICE**
**One Reading Center**
**Philadelphia Pennsylvania 19107**
**Telephone: (215) 238-6300**

**ASOCIACIÓN DE LICENCIADOS DE FILADELFIA**
**SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**Teléfono: (215) 238-6300**

2

Case ID: 260602206

## COMPLAINT

1.      Plaintiff, Sylvanus Selby, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.      Plaintiff, Alicia Selby, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

3.      Defendant, USAA General Indemnity Company ("Defendant"), is a corporate entity located in the State of Texas, with a business address at the address listed in the caption of this Complaint.

4.      Defendant, USAA General Indemnity Company, is a reciprocal inter-insurance exchange which, while having a business address at the address listed in the caption of this Complaint, is nevertheless a "citizen, resident, and domiciled" in all fifty of the United States.

5.      Defendant, USAA General Indemnity Company, was at all times material hereto, a reciprocal inter-insurance exchange, duly authorized and licensed to practice its profession by the Commonwealth of Pennsylvania and was engaged in the practice of providing insurance policies, including but not limited to motor vehicle liability policies including underinsured and uninsured motorist coverage.

6.      On or about April 6, 2025, at approximately 9:30 p.m., Plaintiff, Sylvanus Selby, was the operator of a motor vehicle, in which Plaintiff, Alicia Selby, was a passenger, traveling at or near the intersection of Tyson Avenue and Hawthorne Street in Philadelphia, PA.

7.      At the same date and time, tortfeasor, Roseleide Ferreira DaSilva, was the operator of a motor vehicle traveling at or near the aforesaid intersection and/or location of Plaintiffs' vehicle.

3

8. At or about the same date and time, tortfeasor's vehicle was involved in a motor vehicle collision wherein it rear-ended the vehicle directly behind Plaintiffs' vehicle, causing that vehicle to rear-end Plaintiffs' vehicle and propel Plaintiffs' vehicle into the intersection.

9. The aforesaid motor vehicle collision was caused by the tortfeasor recklessly, negligently and/or carelessly operating her vehicle at a dangerous and unsafe rate of speed and failing to maintain proper distance between vehicles.

10. The tortfeasor was also operating her vehicle while under the influence of alcohol.

11. The aforesaid motor vehicle collision was the result of the recklessness, negligence, and/or carelessness of the tortfeasor and not the result of any action or failure to act by the Plaintiffs.

12. As a result of the accident, the Plaintiffs suffered serious, severe and permanent bodily injuries, as set forth more fully below.

## COUNT I
### Sylvanus Selby v. USAA General Indemnity Company
### Underinsured Motorists Coverage

13. Plaintiffs incorporate the foregoing paragraphs of this Complaint as if set forth fully at length herein.

14. The recklessness, negligence, and/or carelessness of the tortfeasor, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but are not limited to, the following:

    a. Rear-ending the vehicle behind Plaintiff's vehicle causing that vehicle to rear-end Plaintiff's vehicle and push Plaintiff's vehicle into the intersection;

    b. Operating her vehicle into Plaintiff's lane of travel;

    c. Failing to maintain proper distance between vehicles;

4

Case ID: 260602206

d.  Operating her vehicle in a negligent and/or careless manner so as to rear-end the vehicle behind Plaintiff's vehicle causing that vehicle to rear-end Plaintiff's vehicle without regard for the rights or safety of Plaintiff or others;

e.  Driving under the influence of alcohol;

f.  Failing to have her vehicle under proper and adequate control;

g.  Operating her vehicle at a dangerous and excessive rate of speed under the circumstances;

h.  Violation of the assured clear distance rule;

i.  Failure to keep a proper lookout;

j.  Failure to apply brakes earlier to stop the vehicle without rear-ending the vehicle behind Plaintiff's vehicle causing that vehicle to rear-end the Plaintiff's vehicle;

k.  Becoming impaired in her ability to properly and safely operate a motor vehicle due to the consumption of multiple alcoholic beverages prior to the collision;

l.  Being inattentive to her duties as an operator of a motor vehicle;

m.  Disregarding traffic lanes, patterns, and other devices;

n.  Driving at a dangerously high rate of speed for conditions;

o.  Failing to remain continually alert while operating said vehicle;

p.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

q.  Failing to give Plaintiff meaningful warning signs concerning the impending collision;

r.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop at the shortest possible notice;

s.  Operating said vehicle with disregard for the rights of Plaintiff, even though

5

Case ID: 260602206

tortfeasor was aware, or should have been aware, of the presence of Plaintiff and the threat of harm posed to Plaintiff;

t.  Continuing to operate the vehicle in a direction towards the vehicle behind Plaintiff's vehicle when the tortfeasor saw, or in the exercise of reasonable diligence should have seen, that further operation in that direction would result in a collision;

u.  Driving too fast for conditions; and

v.  Failing to operate said vehicle in compliance with applicable state and local laws and ordinances pertaining to the operation and control of motor vehicles including violations of Pennsylvania Vehicle Code Sections 3303, 3304, 3310, 3361, 3714 and/or 3802.

15.  As a direct and proximate result of the reckless, negligent and/or careless conduct of the tortfeasor, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including, but not limited to, the neck, back and right shoulder, specifically, cervical disc herniations at C3-C4 through C6-C7 and lumbar disc herniations at L1-L2 through L5-S1. Plaintiff underwent a lumbar radiofrequency ablation as a result of his injuries, all to Plaintiff's great loss and detriment.

16.  As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

17.  As an additional result of the recklessness, carelessness and/or negligence of the tortfeasor, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

6

Case ID: 260602206

18.    As a further result of the aforesaid injuries, Plaintiff has in the past, presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

19.    Upon information and belief, at the time of the aforementioned motor vehicle collision, the aforesaid tortfeasor's motor vehicle insurance policy and/or liability insurance were insufficient to fully and adequately compensate the Plaintiff for the injuries suffered in the above set forth motor vehicle collision and/or other damages and expenses related thereto.

20.    At the date and time of the aforementioned motor vehicle collision, Plaintiff was the operator of a motor vehicle covered by a policy of insurance, under Policy Number 038059593G71014, which included coverage for underinsured motorist coverage applicable to Plaintiff.

21.    Accordingly, Plaintiff asserts an Underinsured Motorist Claim against Defendant.

WHEREFORE, Plaintiff, Sylvanus Selby, demands judgment in Plaintiff's favor and against Defendant, USAA General Indemnity Company, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this Court deems necessary.

## COUNT II
### Alicia Selby v. USAA General Indemnity Company
### Underinsured Motorists Coverage

22.    Plaintiffs incorporate the foregoing paragraphs of this Complaint as if set forth fully at length herein.

23.    The recklessness, negligence, and/or carelessness of the tortfeasor, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but are not limited to, the following:

7

Case ID: 260602206

a.  Rear-ending the vehicle behind Plaintiff's vehicle causing that vehicle to rear-end the vehicle in which Plaintiff was a passenger and push said vehicle into the intersection;

b.  Operating her vehicle into Plaintiff's lane of travel;

c.  Failing to maintain proper distance between vehicles;

d.  Operating her vehicle in a negligent and/or careless manner so as to rear-end the vehicle behind Plaintiff's vehicle causing that vehicle to rear-end the vehicle in which Plaintiff was a passenger without regard for the rights or safety of Plaintiff or others;

e.  Driving under the influence of alcohol;

f.  Failing to have her vehicle under proper and adequate control;

g.  Operating her vehicle at a dangerous and excessive rate of speed under the circumstances;

h.  Violation of the assured clear distance rule;

i.  Failure to keep a proper lookout;

j.  Failure to apply brakes earlier to stop the vehicle without rear-ending the vehicle behind Plaintiff's vehicle causing that vehicle to rear-end the vehicle in which Plaintiff was passenger;

k.  Becoming impaired in her ability to properly and safely operate a motor vehicle due to the consumption of multiple alcoholic beverages prior to the collision;

l.  Being inattentive to her duties as an operator of a motor vehicle;

m.  Disregarding traffic lanes, patterns, and other devices;

n.  Driving at a dangerously high rate of speed for conditions;

o.  Failing to remain continually alert while operating said vehicle;

p.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

q.  Failing to give Plaintiff meaningful warning signs concerning the impending collision;

8

Case ID: 260602206

r.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop at the shortest possible notice;

s.  Operating said vehicle with disregard for the rights of Plaintiff, even though tortfeasor was aware, or should have been aware, of the presence of Plaintiff and the threat of harm posed to Plaintiff;

t.  Continuing to operate the vehicle in a direction towards the vehicle behind Plaintiffs' vehicle when the tortfeasor saw, or in the exercise of reasonable diligence should have seen, that further operation in that direction would result in a collision;

u.  Driving too fast for conditions; and

v.  Failing to operate said vehicle in compliance with applicable state and local laws and ordinances pertaining to the operation and control of motor vehicles including violations of Pennsylvania Vehicle Code Sections 3303, 3304, 3310, 3361, 3714 and/or 3802.

24.  As a direct and proximate result of the reckless, negligent, and/or careless conduct of the tortfeasor, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including but not limited to, the left knee, left shoulder, neck, and back, specifically, a tear of the central root of the posterior horn of medial meniscus in left knee and cervical disc herniations at C3-4, C5-6 and C6-7.  Plaintiff underwent both a left knee and a cervical spine radio-frequency ablation as a result of her injuries, all to Plaintiff's great loss and detriment.

25.  As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, the Plaintiff has in the past, presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

9

Case ID: 260602206

26.     As an additional result of the recklessness, carelessness and/or negligence of the tortfeasor, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

27.     As a further result of the aforesaid injuries, Plaintiff has in the past, presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

28.     Upon information and belief, at the time of the aforementioned motor vehicle collision, the aforesaid tortfeasor's motor vehicle insurance policy and/or liability insurance were insufficient to fully and adequately compensate the Plaintiff for the injuries suffered in the above set forth motor vehicle collision and/or other damages and expenses related thereto.

29.     At the date and time of the aforementioned motor vehicle collision, Plaintiff was the passenger of a motor vehicle covered by a policy of insurance, under Policy Number 038059593G71014, which included coverage for underinsured motorist coverage applicable to Plaintiff.

30.     Accordingly, Plaintiff asserts an Underinsured Motorist Claim against Defendant.

WHEREFORE, Plaintiff, Alicia Selby, demands judgment in Plaintiff's favor and against Defendant, USAA General Indemnity Company, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this Court deems necessary.

SIMON & SIMON, P.C.

BY:_____

Adam Sorce, Esquire
Simon & Simon, P.C.
18 Campus Blvd., Suite 100
Newtown Square, PA 19073
215-467-4666
*Attorney for Plaintiffs*

10

Case ID: 260602206

## VERIFICATION

I am the Plaintiff in this action, and I hereby state that the facts set forth in the foregoing complaint are true and correct to the best of my knowledge, information and belief. I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

Signed by:

4A6BC9957573481...

12

Case ID: 260602206

## VERIFICATION

I am the Plaintiff in this action, and I hereby state that the facts set forth in the foregoing complaint are true and correct to the best of my knowledge, information and belief. I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

Signed by:

_Stephen M. Selby_
0E005E941DDF431...

13

Case ID: 260602206